IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-261-D
No. 5:17-CV-128-D

| | | |
|---|---|---|
| LANCASTER THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 14, 2017, Lancaster Thomas ("Thomas") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 144-month sentence [D.E. 115]. On April 6, 2017, the government moved to dismiss Thomas's section 2255 motion for failure to state a claim upon which relief can be granted [D.E. 119] and filed a memorandum in support [D.E. 120]. On April 24, 2017, Thomas replied [D.E. 122]. As explained below, the court grants the government's motion to dismiss and dismisses Thomas's motion.

I.

On December 21, 2015, pursuant to a written plea agreement, Thomas pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 [D.E. 77]. On March 23, 2016, the court sentenced Thomas [D.E. 107]. Thomas's advisory guideline range was 188 to 235 months' imprisonment. See [D.E. 108]. After granting the government's motion under U.S.S.G. § 5K1.1 [D.E. 102] and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Thomas to 144 months' imprisonment. See [D.E. 107]. Thomas did not appeal.

In Thomas's section 2255 motion, Thomas claims ineffective assistance of counsel because "his sentence was increased on the basis of statements that were obtained [on the night of his arrest] in violation of [Thomas's] Fifth Amendment right to not incriminate himself." [D.E. 115-1] 1. According to Thomas, if counsel had challenged Thomas's admissions concerning the 302 grams of methamphetamine in one of the vehicles on the night of Thomas's arrest, "there is a reasonable probability that [Thomas's] sentencing exposure would have been based on a significantly lower amount of [m]ethamphetamine." Id. at 8. The government moves to dismiss the motion for failure to state a claim upon which relief can be granted. See [D.E. 119, 120].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See,

2

e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 141 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Thomas must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. To prove prejudice, a party must show that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable

3

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

Thomas claims that his trial counsel was ineffective for failing to challenge as involuntary Thomas's admission concerning the 302 grams of methamphetamine in one of the vehicles on the night of Thomas's arrest. According to Thomas, if counsel had done so, counsel would have reduced Thomas's sentencing exposure.

During Thomas's Rule 11 proceeding, Thomas swore that he understood the charge to which he was pleading guilty and the maximum penalty of 40 years' imprisonment for that charge. See Rule 11 Tr. [D.E. 123] 14–15. Thomas swore that he was fully satisfied with his lawyer's legal services. Id. at 11–13. Thomas also swore that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See id. at 17–18. In the plea agreement, Thomas agreed:

> That the Court will take into account, but is not bound by the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

Plea Agreement ¶ 3(c). Moreover, the parties agreed in the plea agreement to certain non-binding recommendations concerning certain guideline provisions, including that

> The relevant, readily provable, quantity of drug weight applicable to this defendant to be used in the determination of the base offense level pursuant to U.S.S.G. § 2D1.1 is at least 5 kilograms, but less than 15 kilograms of methamphetamine. This

4

is the equivalent of a Level 34 Base Offense level under U.S.S.G. § 2D1.1 (2015). See id. ¶ 5(b). Thomas also swore that he understood that the court could sentence him up to the statutory maximum of 40 years' imprisonment, and that if the court did so, Thomas could not withdraw his guilty plea. See Rule 11 Tr. at 18–19.

Thomas's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that the 302 grams of methamphetamine made no difference to Thomas. Those sworn statements also show that Thomas understood that, even if he received a statutory-maximum sentence of 480 months' imprisonment, he could not withdraw his guilty plea and would not be able to go to trial. As such, Thomas has not plausibly alleged "that, but for counsel's [alleged] unprofessional error[] [in failing to challenge Thomas's admissions concerning the 302 grams of methamphetamine], the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Simply put, even if Thomas's counsel challenged Thomas's admissions on the night of his arrest as involuntary, Thomas would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694; Rule 11 Tr. at 7–11. Thus, the claim fails.

Alternatively, this court's alternative variant sentence defeats any claim of prejudice concerning the drug weight. See Sentencing Tr. [D.E. 127] 28–29; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). Thus, the claim fails.

After reviewing the claim presented in Thomas's motion, the court finds that reasonable jurists would not find the court's treatment of Thomas's claim debatable or wrong and that the claim

5

does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 119], DISMISSES Thomas's section 2255 motion [D.E. 115], and DENIES a certificate of appealability.

SO ORDERED. This **26** day of February 2018.

JAMES C. DEVER III
Chief United States District Judge